IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 10, 2002

## STATE OF TENNESSEE v. BOBBY L. MARSHALL

**Appeal from the Criminal Court for Shelby County**
**No. 00-13631    Chris Craft, Judge**

———————

**No. W2001-03106-CCA-R3-CD  - Filed October 22, 2002**

———————

A Shelby County Criminal Court jury convicted the defendant, Bobby L. Marshall, of sexual battery, a Class E felony.  The defendant was sentenced as a Range I, standard offender to sixteen months in the workhouse and fined two thousand dollars.  The defendant appeals his conviction, claiming that the trial court erred by refusing to instruct the jury on consent.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Larry E. Fitzgerald, Memphis, Tennessee, for the appellant, Bobby L. Marshall.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Katrina U. Earley, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case relates to the defendant's sexual battery of the victim on May 25, 2000.  The victim testified that on May 24, 2000, he was looking for a job and called the Cleaborn Temple in Memphis to ask about advertised job openings.  The victim spoke with the defendant, who was a minister at the Temple, and the defendant told the victim to bring him a resume the following day.  On May 25, the victim met with the defendant and gave the defendant a resume.  The defendant told the victim that he could have a secretarial-type position and took the victim on a tour of the Temple.  Later, the defendant congratulated the victim on the victim's new job.  The victim thought that the defendant was going to shake his hand.  Instead, the defendant hugged the victim tightly, like "a child hugging a Teddy bear that they love so much, that they wouldn't let it go for nothing in the world."  When the victim nudged the defendant, the defendant gripped him tighter, nibbled on his ear, and grabbed

his buttocks. At some point, the defendant released the victim and said that he had to attend a church meeting. The victim quickly left the Temple and went to the police.

Through cross-examination of the state's witnesses, the defense suggested that the victim consented to the defendant's actions. However, the defendant presented no proof, and the jury found him guilty of sexual battery. The defendant now claims that the trial court erred by refusing his request for a jury instruction on consent.

In criminal cases, the trial court has the duty to charge the jury on all of the law that applies to the facts of the case. See State v. Harris, 839 S.W.2d 54, 73 (Tenn. 1992). Anything short of a complete charge denies the defendant his constitutional right to a trial by jury. See State v. McAfee, 737 S.W.2d 304, 308 (Tenn. Crim. App. 1987). However, a special instruction need not be given when its substance is already covered in the general charge. See Edwards v. State, 540 S.W.2d 641, 649 (Tenn. 1976).

In this case, the defendant included the written jury instructions with the record on appeal. Unfortunately, as the state points out, he failed to include the proposed jury instruction or the trial court's ruling on the instruction as part of the record. The appealing party has a "duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993); see also T.R.A.P. 24. In the absence of a complete record, we must presume that the trial court's ruling was correct. See State v. Boling, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992). Therefore, we conclude that the trial court properly denied the defendant's request for a consent instruction.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

 

 

_____
JOSEPH M. TIPTON, JUDGE